IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LILLIAN ROMERO,

    Plaintiff,

vs.                                                    Civ. No. 98-333 LH\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse, or in the Alternative, to Remand for a Rehearing, filed March 19, 1999. The Commissioner denied Plaintiff's request for supplemental security income benefits. Plaintiff alleges a disability due to neck and back pain. She also claims to suffer from frequent urination, chronic fatigue, gastritis, arthritic right hand, and chronic pelvic pain.

2. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application. The Appeals Council did not review the ALJ's decision. The Plaintiff then filed an appeal of the ALJ's decision in federal district court. This Court subsequently remanded the matter to the Commissioner for further evaluation of the Plaintiff's allegation of frequent urination and analysis of her allegations of disabling pain. Upon remand, a second administrative hearing was held and a medical expert (ME) and vocational

expert (VE) testified. The ALJ again denied the Plaintiff's request for disability benefits. The Appeals Council did not review the second ALJ decision, thus the final decision of the Commissioner is the second ALJ decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's second decision, is supported by substantial evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. *Id.* (citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ failed to give controlling weight to the treating physician's opinion; 2) the ALJ neither supported his decision with substantial evidence nor analyzed properly the Plaintiff's allegation of disabling pain and fatigue; and 3) the ALJ failed to consider the Plaintiff's impairments in combination.

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Id.* at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. *Id.* The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. *Id.* (citations omitted). The first four steps of the sequential evaluation process are not at issue in this case. At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity to do work in the

national economy other than past relevant work. *Id*. at 1487 (citations omitted).

6. The Plaintiff argues first that the ALJ erred by not giving controlling weight to a report by her treating physician, Dr. Margaret Roberts. Unless good cause is shown to the contrary, the Commissioner must give substantial weight to the testimony of the claimant's treating physician. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). If the opinion of the claimant's physician is to be disregarded, specific, legitimate reasons for this action must be set forth. *Id.*; *see Sorenson v. Bowen*, 888 F.2d 706, 711 (10th Cir. 1989). In this case, the ALJ rejected Dr. Roberts' July 1995 report for apparently two reasons. First, the ALJ relied on a December 1996 medical note which stated that working would help the Plaintiff's mental health. Tr. 186. The ALJ stated that this note was made by a "completing" or "attending" physician. *Id*. Second, the ALJ found that the consultative report by Dr. Janet Hamilton was reasonable and so gave more weight to Dr. Hamilton's report than to Dr. Roberts' report. *Id*.

7. The ALJ's rejection of Dr. Roberts' report is flawed in several ways. As an initial matter, the December 1996 medical note was not made by a physician but by a nurse practitioner. Tr. 405. Certainly, a nurse practitioner's opinion is due less weight than that of a treating physician. Also, a treating physician's opinion generally is favored over that of a consulting physician such as Dr. Hamilton. *See Reid v. Chater*, 71 F.3d 372 (10th Cir. 1995). Opinions of physicians "who have treated a patient over a period of time or who are consulted for purposes of treatment are given greater weight than are reports of physicians employed and paid by the government for the purpose of defending against a disability claim." *Talbot v. Heckler*, 814 F.2d 1456, 1463 (10th Cir. 1987), *cited in Winfrey v. Chater*, 92 F.3d 1017, 1022 (10th Cir. 1996); *Henderson v. Sullivan*, 930 F.2d 19, 20 (8th Cir. 1991) ("the report of a consulting physician who

3

examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the claimant's treating physician") (quotation omitted). In other words, the opinion of a consulting doctor is less probative than that of plaintiff's treating physician. *Broadbent v. Harris*, 698 F.2d 407 (10th Cir. 1983). For the above reasons, I find that the ALJ inappropriately gave controlling weight to Dr. Hamilton's report. Consequently, I conclude that the ALJ's rejection of Dr. Roberts' report was not based on legitimate reasons and so was made in error.

       8. The Plaintiff further contends that the ALJ erred in his pain analysis and rejection of the Plaintiff's allegation of chronic fatigue. The framework for the proper analysis of a claimant's allegation of pain is set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987): (1) whether claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, claimant's pain is in fact disabling. *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Here, the Plaintiff argues that the ALJ did not consider all of the evidence in making his determination of whether the Plaintiff's pain is in fact disabling under the third part of the *Luna* analysis. The Plaintiff is correct. Specifically, the ALJ did not consider Dr. Roberts' report in which she indicates that the Plaintiff has chronic pelvic pain and "chronic back pain which has been disabling to her physically and emotionally." Tr. 353. Dr. Roberts concluded that the Plaintiff "has had multiple medical problems requiring frequent primary care and specialty care office visits and close monitoring. Patient has been limited in her activities and energy secondary to these problems, and in moderate discomfort and distress with chronic pain in her back, in her

4

abdomen, and in her pelvic areas due to her numerous ongoing medical problems. I feel these have contributed to her being unable to pursue regular normal work activities and stresses required of a regular job." *Id*.

9. The ALJ also neglected to consider the ME's testimony in his pain analysis. The ME testified that the Plaintiff's subjective testimony that she can sit no more than 15 minutes at a time is credible based on the objective medical evidence. Tr. 222. The ME further testified that the RFC limitations found by Dr. Hamilton are "[a]ll consistent with the medical record and [Plaintiff's] allegation." Tr. 223. The ME additionally stated that the Plaintiff's chronic pelvic pain could be caused by released adhesions and an ovarian cyst. Tr. 224. The ME in essence found that the Plaintiff is credible with respect to her allegations of pain. The ALJ's pain analysis was remiss in not considering all of the relevant evidence.

10. With respect to the Plaintiff's complaint of chronic fatigue, the ALJ simply concludes that Dr. Hamilton's functional limitations "are consistent with largely sedentary to very light work activity which I find are not prevented by the claimant's fatigue or pain." Tr. 185. The ALJ disregarded Dr. Roberts' observation that the Plaintiff "has continued malaise and fatigability (sic)" as well as limited energy. Tr. 353. The ALJ also failed to note that the record contains numerous references to the Plaintiff's chronic fatigue.[1] *See, e.g.*, Tr. 28, 107, 111, 130, 146, 149, 281, 353, 373, 408. I find that the ALJ's unsupported rejection of Plaintiff's alleged chronic fatigue is not supported by substantial evidence and so was error.

11. Finally, the Plaintiff argues that the ALJ failed to consider her impairments in

---

[1]The cause of the fatigue is not determinable from the record. Plaintiff had been treated for anemia but continued to complain of fatigue possibly due to depression or mediation side-effects. *See* Tr. 147, 389-90, 408.

5

combination. As an example of the this failure to consider her combined impairments, the Plaintiff states that the ALJ did not include in his hypothetical questions to the VE the Plaintiff's chronic fatigue, pelvic pain, and back pain. The regulations require that the Commissioner consider all impairments in combination when he is deciding the severity of claimant's impairments even if those impairments, if considered separately, would not be severe. 20 C.F.R. § 416.923. The Commissioner has a duty to make specific and well-articulated findings as to the effect of the combination of impairments. *See Hawkins v. Heckler*, 600 F.Supp. 832, 837 (D.Kan. 1985). The Social Security Act requires that the Commissioner consider the combined impact of multiple impairments throughout the disability determination process. *Zebley by Zebley v. Bowen*, 855 F.2d 67, 76 (3d Cir. 1988), *aff'd*, 493 U.S. 521 (1990). In addition, a VE's testimony can provide substantial evidence to support the ALJ's findings only if the hypothetical question presented to the VE adequately reflects the state of the record. *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993); *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).

     12. In this situation, I see no indication that the ALJ considered the combined effect of the Plaintiff's chronic fatigue, pelvic and back pain throughout the disability determination process. Rather, the ALJ made only a conclusory statement that the Plaintiff's combined impairments did not meet or equal a listing under step three of the sequential evaluation process. Tr. 182. Furthermore, although the ALJ presented the VE with functional or exertional limitations in his hypothetical question, the ALJ failed to present the VE with the Plaintiff's nonexertional limitations, i.e., chronic fatigue and pain. Without the addition of those nonexertional limitations, the VE hypothetical does not adequately reflect the record in this case. Consequently, I find that the ALJ erred in both his lack of consideration of the combined effect of

the Plaintiff's impairments and the inadequate hypothetical he posed to the VE.

13. Since I have agreed with the Plaintiff's contentions in her motion, the Plaintiff would have me remand this matter for an immediate award of benefits. The Tenth Circuit has ruled that the Court has discretion in remanding cases or awarding benefits. *Ragland v. Shalala*, 992 F. 2d 1056, 1060 (10th Cir. 1993). Benefits have been awarded "when the Commissioner patently failed to satisfy the burden of proof at step five of the sequential evaluation process, and has long delayed proceedings." *Taylor v. Callahan*, 969 F. Supp. 664, 673 (D. Kan. 1997)(citing *Ragland*, 992 F. 2d at 1060). My proposed findings above demonstrate that the Commissioner has failed to carry his burden of proof of demonstrating that the Plaintiff can perform other work in the national economy. Moreover, the Plaintiff has been waiting seven years for a final resolution of her request for social security income benefits. Under these conditions, an immediate award of benefits is warranted.

Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse, or in the Alternative, to Remand for a Rehearing. I also recommend remanding this matter to the Commissioner for an immediate award of benefits. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and

recommendations. If no objections are filed, no appellate review will be allowed.

                                              _____
Leslie C. Smith
United States Magistrate Judge